**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1050n.06

**No. 11-2127**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Oct 05, 2012***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| JAMES JAMAR WILSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and COOK, Circuit Judges; and STEEH, District Judge.[*]

COOK, Circuit Judge. James Jamar Wilson, who pleaded guilty to possession of a firearm during a drug trafficking offense, appeals the district court's application of the career offender enhancement to his sentence. He argues that his previous conviction for obstructing a police officer under Michigan Compiled Laws § 750.81d(1) does not qualify as a predicate "crime of violence." We agree and VACATE the district court's sentencing judgment.

The career offender enhancement requires two predicate offenses, consisting of either "crime[s] of violence" or drug-related crimes. *See* U.S.S.G. § 4B1.1(a). Wilson admits one predicate offense, but objects that his obstruction conviction does not qualify as a crime of violence. During sentencing, the government produced Wilson's plea colloquy for the obstruction offense,

---

*The Honorable George C. Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

which revealed that Wilson disobeyed a traffic officer's command to stop his vehicle. Relying on the Supreme Court's recent decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), the district court deemed Wilson's admitted vehicular flight—which resulted in Wilson's obstruction conviction—a crime of violence and applied the career offender enhancement to Wilson's Guidelines score.

Wilson appeals, arguing that his obstruction conviction (i) differs from the vehicular-flight conviction at issue in *Sykes*, and (ii) falls short of the "crime of violence" standard. We agree on both counts because the government concedes the first (Gov't Br. at 20), and we adopted the second in *United States v. Mosley*, 575 F.3d 603, 608 (6th Cir. 2009) (concluding that an obstruction conviction under § 750.81d(1) for knowing failure to comply with an officer's lawful command is not a "crime of violence"). Nevertheless, the government argues that *Sykes* supports the district court's judgment by broadening the definition of "crime of violence" to include vehicular flight. Further, the government relies on the plain-error standard, arguing that Wilson failed to object to the district court's scoring of his obstruction conviction as a crime of violence. Both government arguments lack merit.

Beginning with the standard of review, we find that Wilson's attorney properly objected to classifying the obstruction offense as a crime of violence for purposes of the career offender Guidelines. Though not the clearest of arguments, counsel repeatedly distinguished the *Sykes* defendant's predicate crime, which fell under Indiana's vehicular-flight statute, from Wilson's,

which happened to involve vehicular flight but fell under Michigan's non-vehicular-flight statute. (R. 35, Sent'g Tr. at 7 (emphasizing that Wilson pleaded guilty to "assaulting, battering, resisting, obstructing, or opposing [an officer]," and not to a vehicular fleeing-and-eluding charge).) Given the context, defense counsel clearly stated Wilson's opposition to counting the obstruction conviction toward the career-offender enhancement, preserving our de novo review of the district court's judgment.[1] *See, e.g.*, *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009).

Turning to the merits, nothing in *Sykes* undermines the *Mosley* court's conclusion that an obstruction offense under § 750.81d(1) falls short of the crime-of-violence bar. *Sykes* held that a violation of Indiana's vehicular-flight statute categorically qualifies as a "violent felony" for purposes of sentencing enhancements under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Sykes*, 131 S.Ct. at 2277. The government correctly notes that *Sykes* focused on the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which, like the virtually identical definition of "crime of violence" in U.S.S.G. § 4B1.2(a), asks whether the predicate offense "involves conduct that presents a serious potential risk of physical injury to another." *Sykes*, 131 S. Ct. at 2272–74. Yet, *Sykes* offers no guidance on how to treat an obstruction offense under § 750.81d(1).

That is Wilson's crime: obstruction and/or resistance. Wilson's underlying conduct—his vehicular flight detailed in the plea colloquy—does not support a conviction of any other offenses

---

[1]Even if defense counsel failed to object to scoring the obstruction offense as a "crime of violence," we held in *United States v. Gibbs* that such a misclassification constitutes plain error. 626 F.3d 344, 356 (6th Cir. 2010).

that would qualify as "crimes of violence" under § 750.81d(1): assault, battery, wounding, opposing, or endangering. Michigan law defines obstruction to include "a knowing failure to comply with a lawful command," Mich. Comp. Laws § 750.81d(7)(a), which *Mosley* correctly observed encompassed such non-violent infractions as "refusing to produce information" and "ignoring an officer's command not to cross the street," 575 F.3d at 607. These examples illustrate that, even after *Sykes*, § 750.81d(1) encompasses conduct that lacks an inherent risk of physical injury.

As the government concedes (Gov't Br. at 16), it matters not *how* Wilson committed his obstruction crime. In *United States v. Ford*, 560 F.3d 420, 422 (6th Cir. 2009), we explained that we apply a categorical approach that focuses on the statutory definition of the crime and not the underlying conduct that resulted in the conviction. And to the extent the statute allows for both violent and non-violent crimes, we consult *Shepard* documents "to see if they 'necessarily' establish the nature of the prior offense." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Wilson did not plead guilty to a crime of vehicular flight, and the government cannot punish him as though he did. *See United States v. McMurray*, 653 F.3d 367, 377 (6th Cir. 2011) (relying on *Shepard* documents to determine which section of a Tennessee assault statute the defendant pleaded guilty to); *Gibbs*, 626 F.3d at 355 (same, § 750.81d). Because the district court improperly scored Wilson's obstruction offense as a crime of violence, we VACATE and REMAND for resentencing.